UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DE ROCHA EXPRESS, INC, <br><br>    Plaintiff, <br><br>    v. <br><br> COMBINED RESOURCES, INC., <br><br>    Defendant. | Case No. 24-cv-02037-JST <br><br> **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** <br><br> Re: ECF No. 15 |

Before the Court is Defendant Combined Resources, Inc.'s motion to dismiss Plaintiff De Rocha Express, Inc.'s complaint for failure to state a claim or, alternatively, for a more definite statement. ECF No. 15. The Court will grant the motion to dismiss with leave to amend and deny the motion for a more definite statement as moot.

**I.    BACKGROUND[1]**

De Rocha "provides the transportation fleet necessary to assist businesses in the cleanup of recycled materials such as cardboard." ECF No. 1 ¶ 5. "On or about August 1, 2022, [the parties] entered into an oral agreement." *Id.* ¶ 6. Pursuant to this oral agreement, De Rocha agreed to "collect cardboards [sic] from various locations within California" identified by Combined Resources, *id.*, and "transport them to designated recycl[ing] locations within California," *id.* ¶ 10. Combined Resources agreed to pay De Rocha "for employees, for trailers, and per load." *Id.* ¶ 6. De Rocha collected the cardboard at the requested locations, transported them, and "incurred $145,000 in costs and fees." *Id.* ¶¶ 6, 10. Combined Resources "breached the agreement with

---

[1] The facts are taken from the complaint except where otherwise stated. *See AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012) ("[W]e accept the factual allegations of the complaint as true and construe them in the light most favorable to the plaintiff.").

1  Plaintiff by refusing to pay for the cardboard load, for Plaintiff['s] employees, and for the cost of

2  transportation." *Id.* ¶ 11.  De Rocha now brings a breach of contract claim against Combined

3  Resources, alleging damages of $145,000.  *Id.*

## II. JURISDICTION

The Court has jurisdiction under 28 U.S.C. § 1332.

## III. REQUEST FOR JUDICIAL NOTICE

Combined Resources requests judicial notice of several documents relating to a separate case between the same parties in Illinois state court.  ECF No. 16; *see also* Fed. R. Evid. 201(b).  Combined Resources appears to be attempting to show that De Rocha brought this complaint in retaliation for Combined Resources' successful prosecution of the Illinois case.

"Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6)."  *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).  "When 'matters outside the pleading are presented to and not excluded by the court,' the 12(b)(6) motion converts into a motion for summary judgment under Rule 56.  Fed. R. Civ. P. 12(d).  Then, both parties must have the opportunity 'to present all the material that is pertinent to the motion.'"  *Id.* (citing *Lee*, 250 F.3d at 688).

There are exceptions to this general rule, such as the incorporation-by-reference doctrine and judicial notice, but Combined Resources does not rely on those exceptions and the Court finds they do not apply.  Combined Resources' request for judicial notice is denied.

## IV. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Dismissal "is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory."  *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).  "A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 570 (2007)). Factual allegations need not be detailed, but facts must be "enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. While this standard is not "akin to a 'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). In determining whether a plaintiff has met the plausibility requirement, a court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable" to the plaintiff. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).[2]

## V.  DISCUSSION

Combined Resources argues that De Rocha fails to state a cognizable claim for breach of contract. ECF No. 15 at 5–7.

"The elements of a breach of oral contract claim are the same as those for a breach of written contract." *R&R Surgical Inst. v. Health Care Serv. Corp.*, No. 23-cv-2120-DSF-GJSx, 2023 WL 8008979, at *2 (C.D. Cal. July 27, 2023) (quoting *Stockton Mortg., Inc. v. Tope*, 233 Cal. App. 4th 437, 453 (2014)). "In order to state a claim for breach of contract, plaintiff must allege: (1) a contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) damage to plaintiff therefrom." *Belluomini v. Citigroup, Inc.*, No. 13-cv-01743-CRB, 2013 WL 3855589, at *3 (N.D. Cal. July 24, 2013).

Under California law, the first element—the existence of a contract—is in turn comprised of four elements: "parties capable of contracting; their consent; a lawful object; and a sufficient cause or consideration." *R&R Surgical Inst.*, 2023 WL 8008979, at *2 (citing Cal. Civ. Code

---

[2] De Rocha relies on *Conley v. Gibson* for the proposition that "a court may not dismiss a complaint 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief.'" ECF No. 21 at 3 (citing 355 U.S. 41, 45–46 (1957). However, "*Twombly* retired the *Conley* no-set-of-facts test." *Iqbal*, 556 U.S. at 670.

§ 1550). Consent must be free, mutual, and communicated by each to the other. *Roth v. Malson*, 67 Cal. App. 4th 552, 557 (1998) (citing Cal. Civ. Code, § 1565). "Consent is not mutual, unless the parties all agree upon the same thing in the same sense." Cal. Civ. Code § 1580.

"To state a cause of action for breach of contract, it is absolutely essential to plead the terms of the contract either *in haec verba* or according to legal effect." *Twaite v. Allstate Ins. Co.*, 216 Cal. App. 3d 239, 252 (1989). A plaintiff fails to sufficiently plead the terms of the contract if he does not allege in the complaint the terms of the contract or attach a copy of the contract to the complaint. *Id.* Furthermore, to be enforceable, "a contract must be sufficiently definite for the court to ascertain the parties' obligations and to determine whether those obligations have been performed or breached." *Sateriale v. R.J. Reynolds Tobacco Co.*, 697 F.3d 777, 789 (9th Cir. 2012). "The terms of a contract are reasonably certain if they provide a basis for determining the existence of a breach and for giving an appropriate remedy." *Id.* (internal citation and quotation marks omitted).

De Rocha's complaint fails to allege several of the elements necessary for a breach of contract claim. For example, the complaint is devoid of any allegations regarding the parties' mutual intent to enter a contract. De Rocha also fails to allege the terms of the contract, including any allegation that Combined Resources promised to pay a specific amount, or in exchange for what. Because De Rocha has failed to allege facts regarding the terms of the contract, he also cannot plausibly allege breach. *See Langan v. United Servs. Auto. Ass'n*, 69 F. Supp. 3d 965, 979–980 (N.D. Cal. 2014) (dismissing a complaint where the court could not discern what material obligation the defendant breached because the court did not know the terms of the contract); *Hobbs v. Wells Fargo Bank N.A.*, No. 12-cv-4060-RS, 2013 WL 3200612, at *3 (N.D. Cal. June 24, 2013) (dismissing a claim for breach of an oral contract where "the complaint fails to allege adequately how such an oral contract was formed, the terms thereof, or how it was breached").

These deficiencies require the Court to dismiss Plaintiff's complaint. *See R&R Surgical Inst.*, 2023 WL 8008979, at *3 (dismissing a claim for breach of an oral contract where the plaintiff's allegations were "a far cry from alleging facts showing that the amount to be paid was

4

agreed by the parties and that HCSC promised to pay that amount"). Combined Resources' motion to dismiss is granted.

## CONCLUSION

The Court grants Combined Resources' motion to dismiss. De Rocha may file an amended complaint solely to attempt to cure the deficiencies identified herein within 21 days of the date of this order if he can do so in good faith. Failure to file a timely amended complaint will result in dismissal with prejudice. Combined Resources' motion for a more definite statement is denied as moot.

The Court sets a further case management conference on January 14, 2025 at 2:00 p.m. Updated case management statements are due January 7, 2025.

**IT IS SO ORDERED.**

Dated: October 15, 2024



JON S. TIGAR
United States District Judge